483 N.W.2d 135 (1992)
240 Neb. 578
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
John M. GILROY, Respondent.
No. S-91-696.
Supreme Court of Nebraska.
April 23, 1992.
*136 HASTINGS, C.J., and BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.
PER CURIAM.
This is a disciplinary proceeding. The respondent does not question the referee's findings or his recommendation of a 1-year suspension.
Respondent, John M. Gilroy, was a close personal friend of and had represented Maurice A. Ludwick in business and personal matters for many years. Respondent assisted Ludwick in securing a construction loan and, at Ludwick's request, agreed to handle the loan proceeds and pay the bills. Respondent paid the bills as Ludwick requested and obtained lien waivers as creditors were paid.
Respondent was also retained by Ludwick to act as a general contractor for the actual construction of Ludwick's residence. Respondent considered this activity to be nonlegal in nature. Although respondent billed Ludwick for his services, he was generally not paid because, according to respondent, Ludwick had "a lot of other problems."
Respondent used Ludwick's loan proceeds for personal purposes as needed, but was always able to pay back the funds, and respondent even advanced Ludwick nearly $1,500 of his own funds at the very beginning of the construction process.
The Ludwick funds were not retained in a separate trust account. At one point, without utilization of the funds respondent would have been overdrawn by over $31,000. Ludwick admitted he fully expected that respondent would use the funds for his personal use from time to time. He additionally had agreed with respondent that the loan funds would not be kept separate from respondent's other business funds.
Formal charges were filed against the respondent, setting forth violations of the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), (3), (4), (5), and (6); and DR 9-102(A) and (B)(3). The evidence is sufficient to support these charges.
Although the evidence would justify a harsher penalty, the referee found sufficient mitigating circumstances, namely the close personal relationship and the existence of good faith, to warrant the recommendation of a 1-year temporary suspension from the practice of law. We agree.
Accordingly, the respondent is hereby suspended from the practice of law in the State of Nebraska for a period of 1 year, effective immediately. Furthermore, we order respondent to successfully complete a course on legal ethics at an accredited law school.
JUDGMENT OF SUSPENSION.
WHITE, J., not participating.